UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Darrell Means, ) | |
| ) | C/A No. 1:20-cv-03612-DCC |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| Nanette Barnes, ) | ORDER |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On December 14, 2020, the Magistrate Judge issued a Report recommending that the petition be transferred to the Middle District of Florida because Petitioner is currently incarcerated at a Federal Correctional Institution ("FCI") in Coleman, Florida. ECF No. 16. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing

objections to the Report and the serious consequences if he failed to do so.[1]  Petitioner failed to file objections and the time in which to do so has lapsed.[2]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

While Petitioner has not filed specific objections to the Report, because he has continued to pursue this case and out of an abundance of caution for a pro se Petitioner, the Court has reviewed the entire record in this case and the applicable law de novo.  At

---

[1] The Court notes that the Report was returned as undeliverable twice.  ECF Nos. 21, 26.  The inmate number was corrected on the address and the Report was remailed on February 1, 2021.  ECF No. 27.  The Report has not been returned.

[2] Since the filing of the Report, Respondent has filed a Motion to Dismiss or, in the alternative, for Summary Judgment, and Petitioner has filed a Response in Opposition. ECF Nos. 18, 24.

the time Petitioner filed this action, he was housed at an FCI in Bennettsville, South Carolina. ECF No. 1. On December 11, 2020, Petitioner filed a letter indicating he had been moved to an FCI in Coleman, Florida. As stated by the Magistrate Judge, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v.* Padilla, 542 U.S. 426, 434–35 (2004) (citation omitted). "When a petitioner files a § 2241 petition in a court lacking jurisdiction, 'the court shall, if it is in the interest of justice, transfer such action' to a court in which the petitioner could have properly filed the petition." *United States v. Mullinax*, 706 F. App'x 134 (4th Cir. 2017) (quoting 28 U.S.C. § 1631 (2012)). Typically, "'transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.'" *Hendrickson v. United States*, 791 F.3d 354, 363 (2d Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). Accordingly, transfer is proper in this case.

Based on the foregoing, the Court finds that the Magistrate Judge accurately summarized the relevant facts and applicable law and adopts the Report. It is ordered that the Petition be transferred to the United States District Court for the Middle District of Florida for further consideration.

    **IT IS SO ORDERED**.

                                            s/ Donald C. Coggins, Jr.
                                            United States District Judge

March 26, 2021
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.